IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-0396-M-BK |
| | § | |
| JERRY ROBINSON, | § | |
| Defendant. | § | |

### FINDINGS, RECOMMENDATION and CONCLUSION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Now before the Court is Plaintiff Wells Fargo's *Motion to Remand.* (Doc. 5). It is recommended that the motion be **GRANTED**.

This action stems from Plaintiff's purchase of real property in a non-judicial foreclosure sale on March 1, 2011. (Doc. 6 at 6). *Pro se* Defendant Jerry Robinson was the pre-foreclosure owner of the property. *Id.* On April 7, 2011, Plaintiff filed its Original Petition for Forcible Detainer in the Justice of the Peace Court, Precinct 1, Dallas County. (Doc. 7-1 at 1). Defendant was served on April 25, 2011.[1] (Doc. 7-2). On May 5, 2011, the court entered a judgment declaring Plaintiff's right to possession of the property and issuing a writ of possession to that effect. (Doc. 7-3). Defendant appealed to County Court at Law No. 2, Dallas County. (Doc. 6 at 6; Doc 7-4; Doc. 7-5). Following trial in that court on July 7, 2011, judgment was again entered in favor of Plaintiff. (Doc. 7-6).

On January 29, 2013, Defendant filed his Notice of Removal, contending this Court has jurisdiction because the case involves a federal question, diversity of the parties, and subject matter exceeding $75,000. (Doc. 3 at 2). In its Motion to Remand, Plaintiff argues that

---

[1] "Cheryl Robinson and All Occupants" were also named as defendants in the forcible detainer action. (Doc. 3 at 1).

Defendant's Notice of Removal is untimely, and that Defendant has failed to establish diversity jurisdiction. (Doc. 5). Plaintiff also requests an award of attorneys' fees for bringing its motion to remand. (Doc. 6 at 15). Under the local rules, if Defendant opposed the motion, his response was due on or before March 21, 2013. *See* N.D. Tex. L.R. 7.1. To date, however, Defendant has not responded.

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The notice of removal must be filed within 30 days after receipt of a copy of the state court petition or service of the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1).

As Plaintiff correctly asserts, Defendant's removal attempt is untimely because his notice of removal was filed nearly two years after Defendant was served with Plaintiff's forcible detainer action in the justice of the peace court. Notably, Defendant failed to inform this Court that the state court had previously entered judgment in this case. In any event, because the notice of removal was untimely, this case should be remanded to state court. Moreover, because remand is required on this ground, it is not necessary to consider Plaintiff's remaining arguments for remand.

Plaintiff also requests that it be awarded attorneys' fees, and has submitted the affidavit of Plaintiff's counsel attesting that $2,000 is a reasonable fee for its prosecution of the motion to remand. (Doc. 7-7). A district court may award attorneys' fees when the removing party lacks an objectively reasonable basis for removal. *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010); *see also* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Based on Defendant's complete lack of an objectively reasonable basis for removal and his failure to respond to the motion to remand, an award of attorneys' fees is appropriate in this case.

In light of the foregoing, it is recommended that Plaintiff's *Motion to Remand* (Doc. 5) be **GRANTED**.  Additionally, the undersigned recommends that Plaintiff be awarded attorneys' fees as requested.

**SIGNED** April 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE